# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. 3:23-bk-00095 |
| OCHOA BROTHERS CONSTRUCTION, LLC, | ) | Chapter 7 |
| | ) | Judge Charles M. Walker |
| Debtor. | ) | |

---

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: March 25, 2026**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: April 22, 2026 at 11:00**
**a.m. in Courtroom 2, 701 Broadway, Nashville, TN 37203**
**(Virtual appearances at the hearing only if allowed; See website for details.)**

---

The relief described below is being requested from the Court. **YOUR RIGHTS MAY BE AFFECTED**. If you do not want the Court to grant this request, you or your attorney must file a response or objection by the deadline, explaining why you are opposed. **If a response or objection is not filed, the Court may grant the request without a hearing**. Any response must identify the motion to which you are responding and state the response deadline and hearing date.

The Court's filing requirements and instructions can be located on the Court's website at www.tnmb.uscourts.gov/9013. If you need assistance, you may call the Bankruptcy Court at (615) 736-5584 or visit the Bankruptcy Court in person at 701 Broadway, 1st Floor, Nashville, TN during operating hours.

## JOINT MOTION TO APPROVE SETTLEMENT AND COMPROMISE OF ALL OUTSTANDING MATTERS IN CASE AND RELATED ADVERSARY PROCEEDINGS

Pursuant to Fed. R. Bankr. P. 9019(a), Ochoa Brothers Construction, LLC ("the "Debtor"), Creditor Aaron Ochoa ("Mr. Ochoa"), and Jeanne Ann Burton, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of the Debtor (the "Trustee," and collectively with the Debtor and Mr. Ochoa (the "Movants"), respectfully request that this Court approve a compromise and settlement of all disputes among them—including terms for the complete adjudication of this case and its closure thereafter (the "Compromise Motion"). Prior to filing this Compromise, the Movants consulted with the United States Trustee (the "UST"), who confirmed that it had no objection to the relief sought in this Motion. In support of the relief requested herein, the Movants

state as follows:

## INTRODUCTION AND SUMMARY OF RELIEF REQUESTED

The Debtor filed this bankruptcy case on January 13, 2023. [Doc. No. 1]. On March 17, 2023, the Court set a deadline for creditors to file a proof of claim for June 15, 2023 (the "Bar Date"). [Doc. No. 18]. As of the date of this Compromise Motion—two and a half years *after* the Bar Date—there are only five total claims filed. The holders of these claims are as follows:

1. Aaron Ochoa (principal of the Debtor and transferee of a $264,993.80 claim from Paul and Ann Kornhak). [*See* Claim No. 1; Doc. No. 111].

2. Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro"). [*See* Claim Nos. 2-3].

3. Tennessee Department of Revenue (the "TDOR"). [Claim No. 4].

4. Pinnacle Bank. [Claim No. 5].

Following the filing of this case, the Trustee engaged counsel to pursue collection of assets for the benefit of the estate. This occurred through seven separate adversary proceedings (collectively, the "Adversary Proceedings"). Accordingly, the estate has incurred administrative expenses to the Trustee and its counsel of record throughout the course of this case. Though no fee applications have been filed in this case, the Movants estimate the administrative expenses of the Trustee and her counsel alone to exceed $55,000.00.[1] Through administration of the estate—both in taking possession of estate property at the onset of this case and through settling avoidance actions—the Trustee represents that she is presently holding a total of $24,323.04 for the Debtor's estate.

Mr. Ochoa holds the largest claim in this case by orders of magnitude, and he is a personal guarantor on the claim of Pinnacle Bank. This creates a circular situation. If this case remains open,

---

[1] The Court approved the retention of Thompson Burton PLLC as counsel for the Trustee on March 3, 2023. [Doc. No. 16].

the Trustee will continue to incur administrative expenses to recover on avoidance actions, which will result in the creation of new creditors—the avoidance action defendants themselves—pursuant to 11 U.S.C. § 502(h). Yet, the only material beneficiary of such recovery after payment of administrative costs will be Mr. Ochoa himself, who may separately be personally liable in contract to the very creditors from whom recovery was procured by the estate. This results in a bad outcome for every stakeholder.

To solve this issue, the Movants—with the express permission of the UST—propose the following:

1.      Mr. Ochoa shall personally satisfy the claims of Metro, the TDOR, and Pinnacle Bank (the "Non-Movant Claims"), and upon such satisfaction, these claimants shall formally withdraw their claims. Upon such payment, the only parties to whom any sums would remain owing will be Mr. Ochoa, the Trustee, and the Trustee's employed professionals.

2.      Mr. Ochoa shall withdraw his proof of claim.

3.      Mr. Ochoa shall pay to the estate a total of $20,000.00, bringing the total balance on hand for the estate to $44,323.04 (the "Ochoa Estate Payment").

4.      Immediately following the payment of the Ochoa Estate Payment and either the withdrawal of the Non-Movant Claims or other proof of payment thereof, the Trustee shall promptly dismiss all existing Adversary Proceedings. Thereafter, the Trustee shall file final compensation applications for all estate professionals. The Trustee shall further file all such instruments necessary to fully administer the estate, provided that the compensation to be paid to the Trustee and its professionals shall be limited only to the funds on hand with the Trustee following the Ochoa Estate Payment.

**BASIS FOR RELIEF**

The request for approval is made pursuant to Fed. R. Bankr. P. 9019(a). The decision of whether to approve a particular compromise lies within the discretion of the trial judge. *U.S. v. Aweco, Inc. (In re Aweco, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984), *cert. denied*, 469 U.S. 880, 105 S. Ct. 244 (1984). In evaluating a compromise, the Court determines whether the settlement is fair and equitable and falls within the range of reasonableness based on the facts and circumstances before the Court. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968).

In the Sixth Circuit, courts generally consider the following factors in assessing whether a compromise should be approved:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*See In re Bard*, 49 F. App'x 528, 530 (6th Cir. 2002).

Here, the Movants meet the requirements for approval under Rule 9019. First, the relief sought is the most rational and logical outcome. It results in all claims and administrative expenses being paid either in full or in an amount expressly agreed upon by the relevant claimant. Absent a resolution on these terms, the Trustee will have no choice but to incur additional administrative expenses pursuing avoidance action litigation, which will simply result in the creation of additional claims pursuant to 11 U.S.C. § 502(h).

The proposed settlement is the product of arm's length negotiations. Notice of the Compromise Motion and an opportunity for objections will be given to creditors and parties in interest pursuant to Fed. R. Bankr. P. 9019 and LBR 9013-1.

WHEREFORE, based on the foregoing, it is respectfully requested that the Court approve the relief requested herein, authorize the Movants to take all action contemplated by and necessary to effectuate such relief, and grant such other relief as may be necessary and appropriate.

Respectively Submitted,

*/s/ William L. Norton, III*
William L. Norton, III (#10075)
Austin L. McMullen (#20877)
Bradley Arant Boult Cummings LLP
1221 Broadway, 24th Floor
Nashville, TN  37203
615.252.2397
bnorton@bradley.com
amcmullen@bradley.com
*Attorneys for Debtor*

*/s/ Ned Hildebrand*
Henry E. ("Ned") Hildebrand, IV
Gray Waldron
DUNHAM HILDEBRAND
PAYNE WALDRON, PLLC
9020 Overlook Boulevard, Suite 316
Brentwood, TN 37027
629.777.6519
ned@dhnashville.com; gray@dhashville.com
*Counsel for Creditor Aaron Ochoa*

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
615.465.6008
phillip@thompsonburton.com
*Counsel for Chapter 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been filed with the Court's CM/ECF system and served upon all parties accepting service in such CM/ECF filing system this 3rd day of March, 2026.

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand, IV

**[PROPOSED]**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. 3:23-bk-00095 |
| OCHOA BROTHERS CONSTRUCTION, LLC, | ) | Chapter 7 |
| | ) | Judge Charles M. Walker |
| Debtor. | ) | |

**ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AND**
**COMPROMISE OF ALL OUTSTANDING MATTERS IN CASE AND RELATED**
**ADVERSARY PROCEEDINGS**

THIS MATTER IS BEFORE THE COURT on the *Joint Motion to Approve Settlement and Compromise of All Outstanding Matters in Case and Related Adversary Proceedings* (the "Compromise Motion") filed by Ochoa Brothers Construction, LLC ("the "Debtor"), Creditor Aaron Ochoa ("Mr. Ochoa"), and Jeanne Ann Burton, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of the Debtor (the "Trustee," and collectively with the Debtor and Mr. Ochoa (the "Movants") pursuant to Fed. R. Bankr. P. 9019(a). Notice having been given pursuant to Local Rule 9013-1, and no objections or responses having been timely filed, it is hereby

ORDERED as follows:

1.      The Compromise Motion is hereby GRANTED.

2.      Mr. Ochoa shall promptly satisfy the claims of Metro, the TDOR, and Pinnacle Bank (the "Non-Movant Claims"),[1] and upon such satisfaction, these claimants shall formally withdraw their claims.

1.      Mr. Ochoa shall withdraw his proof of claim.[2]

2.      Mr. Ochoa shall cause payment to the estate of $20,000.00 (the "Ochoa Estate Payment").

3.      Immediately following the payment of the Ochoa Estate Payment and either the withdrawal of the Non-Movant Claims or other proof of payment thereof, the Trustee shall promptly dismiss all existing adversary proceedings related to this case. Thereafter, the Trustee shall file final compensation applications for all estate professionals. The Trustee shall further file all such instruments necessary to fully administer the estate, provided that the compensation to be paid to the Trustee and its professionals shall be limited only to the funds on hand with the Trustee following the Ochoa Estate Payment.

IT IS SO ORDERED.

> THIS ORDER WAS SIGNED AND ENTERED ELECTORNICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

---

[1] Claim Nos. 2-5.
[2] Claim No. 1.

APPROVED FOR ENTRY:

*/s/ William L. Norton, III*
William L. Norton, III (#10075)
Austin L. McMullen (#20877)
Bradley Arant Boult Cummings LLP
1221 Broadway, 24th Floor
Nashville, TN  37203
615.252.2397
bnorton@bradley.com
amcmullen@bradley.com
*Attorneys for Debtor*


*/s/ Ned Hildebrand*
Henry E. ("Ned") Hildebrand, IV
Gray Waldron
DUNHAM HILDEBRAND
PAYNE WALDRON, PLLC
9020 Overlook Boulevard, Suite 316
Brentwood, TN 37027
629.777.6519
ned@dhnashville.com; gray@dhashville.com
*Counsel for Creditor Aaron Ochoa*

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
615.465.6008
phillip@thompsonburton.com
*Counsel for Chapter 7 Trustee*